Stillpoint Meadows PH-62, LLC v Residential Bd. of Mgrs. of the 62 Cooper Sq. Condominium

2026 NY Slip Op 03373

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Stillpoint Meadows PH-62, LLC, etc., Plaintiff-Appellant,

v

Residential Board of Managers of the 62 Cooper Square Condominium, et al., Defendants-Respondents.

Decided and Entered: May 28, 2026

Index No. 650633/22|Appeal No. 6745|Case No. 2025-03940|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Law Office of Allan H. Carlin, Willow (Allan H. Carlin of counsel), for appellant.

Boyd Richards Parker & Colonnelli, P.L., New York (Alexander Davis of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 14, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the first cause of action of the amended complaint and the second cause of action of the amended complaint with respect to the disputed $32,000 paver replacement charge, unanimously affirmed, with costs.

The court properly dismissed the breach of fiduciary duty claim against the condominium and the residential board of managers, and the related cause of action seeking a declaration that plaintiff was not liable for the cost of the paver work. The documentary evidence, including the condominium declaration at §§ 6.2 and 8.6.1, and the by-laws at §§ 6.1.2 and 6.9.2.2, collectively imposed on plaintiff the obligation to maintain the flooring on the terraces, which plaintiff admitted in the amended complaint were common limited elements. These documents "flatly contradicted" the legal conclusions and factual allegations set forth in the complaint (Morgenthow & Latham v Bank of N.Y. Co., 305 AD2d 74, 78 [1st Dept 2003], lv denied 100 NY2d 512 [2003]). The court properly relied on them in dismissing plaintiff's claims because, its finding that the documents were not ambiguous was within its exclusive province (see Sutton v East Riv. Sav. Bank, 55 NY2d 550, 554 [1982]).

Plaintiff argues that under section 6.9.2.2 of the by-laws, the condominium was to make any "structural or extraordinary" repairs or replacements to the terraces at the expense of all unit owners, and that this requirement applied to the paver work. We find that the court properly concluded that the roof work in its entirety was not extraordinary because it resulted from normal wear and tear. We further agree with the court's decision to distinguish between the work to replace the membrane roof and the paver work, since the former, even it was extraordinary, was distinct from the more routine removal, storage, and reinstallation of the pavers.

[*2]

The first cause of action and portion of the second cause of action from which plaintiff appeals were properly dismissed as to the individual defendants. An individual director's participation in a corporation's tort may give rise to individual liability (see Board of Mgrs. of the Alfred Condominium v Miller, 202 AD3d 467, 468 [1st Dept 2022]). Here, however, the amended complaint failed to allege a tort by the condominium. Plaintiff's argument that the amended complaint adequately alleged improper retaliatory conduct by the individual defendants is unavailing, because the pleading failed to cite any facts to support this speculative assertion. As the court noted, the condominium's board of managers informed plaintiff that it would be responsible for the cost of the paver work on its terraces two years before the negotiations over the accessible lift broke down, which is what plaintiff claims was the precipitating and inappropriate factor precipitating the charges.

Plaintiff's assertion that the board changed its position and accepted "responsibility" for the paver work but reneged on that commitment because of the dispute over the lift is supported only by an ambiguous allegation in the complaint unsupported by any citation to a writing. Further, the inclusion of the cost of the paver work in the condominium's financial statements does not demonstrate that it had agreed to bear that cost without seeking reimbursement.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026